STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GENEVA WALLACE,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0210** (BOR Appeal No. 2047655)
           (Claim No. 2012003567)

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Geneva Wallace, by Anne Wandling, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowe's Home Centers, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 5, 2013, in which the Board affirmed an August 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 2, 2012, decision which denied a request for an arthroscopy with chondroplasty of the patella. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Wallace, a sales associate, was injured in the course of her employment on July 29, 2011, when she slipped and fell. Her claim was held compensable for right shoulder, knee, and elbow sprain/strain as well as lumbar sprain/strain. Ms. Wallace has a history of right knee problems. Treatment notes by Robert McCleary, D.O., her treating physician, indicate she was treated in 2009 for a right knee sprain/strain and was eventually diagnosed with a right knee osteochondral dissecans lesion. Dr. McCleary recommended a right knee arthroscopy which was

1

performed on October 21, 2010. In March of 2011, Ms. Wallace was in physical therapy for a right knee sprain/strain.

Following her compensable injury, Dr. McCleary again diagnosed a right knee osteochondral dissecans lesion and recommended an arthroscopy with chondroplasty of the patella. Joseph Grady II, M.D., found in a January 24, 2012, independent medical evaluation that Ms. Wallace had two previous surgeries on her right knee. He determined that she had reached maximum medical improvement for her compensable right knee sprain and that any further treatment was for the unrelated, pre-existing osteochondral dissecans lesion. Based upon this report, the claims administrator denied the request for an arthroscopy with chondroplasty of the patella on February 2, 2012.

The Office of Judges affirmed the claims administrator's decision in its August 29, 2012, Order. It found that Dr. McCleary requested the arthroscopy and chondroplasty of the right knee in order to treat an osteochondral dissecans lesion of the patella; however, osteochondral dissecans lesion is not a compensable component of the claim and the medical evidence of record shows that the condition pre-existed the compensable July 29, 2011, injury. The Office of Judges also found that the right knee symptoms documented by Dr. McCleary prior to the compensable injury mirror the symptoms documented by him after the compensable injury. The Office of Judges noted that the right knee osteochondral dissecans lesion was diagnosed as early as 2009. In light of this evidence, the Office of Judges held that the request for an arthroscopy with chondroplasty of the patella was for the treatment of a pre-existing osteochondral dissecans lesion and is not reasonably required for the treatment of the compensable right knee sprain/strain.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its February 5, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record clearly shows that the requested surgery is for the treatment of a non-compensable, pre-existing condition and is not medically related or reasonably required for the treatment of the compensable right knee sprain/strain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman